UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DE TAGLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 24-cv-00041-AMO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

The Court has reviewed the Report and Recommendation of Magistrate Judge Virginia K. DeMarchi, which granted Plaintiff Austin de Tagle's application to proceed in forma pauperis, screened his complaint under 28 U.S.C. § 1915(e), and recommended dismissal on the following grounds:

(1) Mr. de Tagle fails to state a cognizable claim for violations of his or his children's rights under the Fourteenth Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Fourteenth Amendment's substantive due process clause protects the "interest of parents in the care, custody, and control of their children" and "freedom of personal choice in matters of family life." *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). However, these rights are not unlimited. Mr. de Tagle refers to a state court order that requires him to pay child support, but he fails to allege any conduct by defendants that constitutes a violation of his or his children's substantive due process rights. *See* Dkt. No. 5 at 4-5.

(2) To the extent Mr. de Tagle seeks damages under 42 U.S.C. § 1983 against Judge Hendrickson, his claims should be dismissed because the complaint fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); *Forrester v. White*, 484 U.S. 219, 226-27 (1988); Dkt. No. 5 at 3-5.

(3) To the extent Mr. de Tagle seeks damages under 42 U.S.C. § 1983 against the Superior Court for the County of Santa Clara, his claims should be dismissed because the complaint fails to state a claim on

      which relief may be granted and seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); Dkt. No. 5 at 3-5. Additionally, these claims should be dismissed for lack of subject matter jurisdiction. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

(4) To the extent Mr. de Tagle asks the Court to order Judge Hendrickson's impeachment, his complaint should be dismissed because it fails to state a claim on which relief can be granted, California judicial officers can only be impeached through the process established by state law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Dkt. No. 5 at 4.

ECF 6 at 2-3.

No objections to the Report and Recommendation have been filed, and the deadline to do so has passed. *See* Fed. R. Civ. P. 72(b)(2) (deadline for objections is fourteen days after being served). The Court finds the Report and Recommendation correct, well-reasoned, and thorough, and adopts it in every respect. Accordingly, the Court DISMISSES the complaint for the reasons set forth in the Report and Recommendation. Because Mr. de Tagle has challenged the state court proceedings raised in this action in at least two other cases, which have also been dismissed, *see de Tagle v. Superior Court of County of Santa Clara*, No. 5:23-cv-05137-BLF (filed Oct. 6, 2023, dismissed Nov. 10, 2023); *de Tagle v. Superior Court of Santa Clara County*, No. 5:23-cv-05174 (filed Oct. 10, 2023, dismissed Oct. 30, 2023), dismissal WITHOUT LEAVE TO AMEND is appropriate.

**IT IS SO ORDERED.**

Dated: April 15, 2024

                                          **ARACELI MARTÍNEZ-OLGUÍN**
                                          **United States District Judge**